UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIETY FOR HUMAN RESOURCE MANAGEMENT,<br><br>        Plaintiff,<br><br>        v.<br><br>ZROWTH LLC,<br><br>        Defendant. | Case No. 21-cv-07684-VC<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF PERSONAL JURISDICTION**<br><br>Re: Dkt. No. 25 |

      The plaintiff's motion for default judgment is denied because the plaintiff has not established that this Court has personal jurisdiction over the defendant, Zrowth LLC. *See Vachani v. Yakovlev*, 2016 WL 1598668, at *3 (N.D. Cal. Apr. 21, 2016) ("The court cannot enter a default judgment unless it has jurisdiction over both the subject matter and the parties."). "It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." *Id.*

      According to the complaint, Zrowth is a Wyoming LLC with its principal place of business in Wyoming. The plaintiff points to three connections between Zrowth and California to support jurisdiction: that Zrowth "has an office in California; transacts business in and from California; and maintains and operates a website that originates from and/or is accessible to residents of the State of California through which it actively advertises, promotes, and sells the infringing products and services." These allegations are plainly insufficient to establish general jurisdiction over Zrowth by California courts. *See Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017, 1024 (2021) ("A state court may exercise general jurisdiction only when a defendant is 'essentially at home' in the State.") (quoting *Goodyear Dunlop Tires*

*Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). For jurisdiction to be proper, then, the plaintiff must articulate a basis for specific jurisdiction over Zrowth.

In cases that sound in tort, including trademark claims like those alleged here, the Ninth Circuit evaluates specific jurisdiction using the "purposeful direction" test. For a federal court to exercise personal jurisdiction over a defendant, the defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem International, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (quoting *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 673 (9th Cir. 2012)). Although the plaintiff alleges that Zrowth committed intentional acts of trademark infringement, the complaint does not allege that these acts were "expressly aimed at the forum state." Maintaining a "passive website" is not enough, on its own, to satisfy this requirement—even if the website is accessible by consumers in the forum state. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010). Rather, the defendant must have directly targeted the forum state through its website by, for example, appealing to and profiting from a specific audience particular to that state. *See, e.g.*, *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1229–30 (9th Cir. 2011). The plaintiff has not pointed to any such direct targeting here.

The plaintiff's motion for default judgment is therefore denied. Within 28 days, the plaintiff shall file an amended complaint and accompanying affidavit demonstrating the basis for personal jurisdiction. If an amended complaint is not filed within 28 days, or if the plaintiff does not meet its burden to establish that this Court has jurisdiction over Zrowth, the complaint will be dismissed for lack of personal jurisdiction and the case will be closed.

**IT IS SO ORDERED.**

Dated: April 18, 2022

_____
VINCE CHHABRIA
United States District Judge