UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIETY FOR HUMAN RESOURCE MANAGEMENT,<br><br>  Plaintiff,<br><br>   v.<br><br>ZROWTH LLC,<br><br>  Defendant. | Case No. 21-cv-07684-VC<br><br>**ORDER GRANTING DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 34 |

The Society for Human Resource Management certifies HR professionals. Certification requires passing an exam and can be revoked for conduct which "discredits or embarrasses the profession or the Society, violates the SHRM Bylaws, or otherwise is not in the best interests of the Society." *Helpful Facts About the SHRM Member Discipline Process*, https://www.shrm.org/about-shrm/pages/member-discipline.aspx. The Society's registered trademarks include the term "SHRM" and a stylized logo.

Zrowth does business under the name HR Growth Tools and operates a website at www.hrgrowthtools.com, where it sells bundles of HR templates. Until recently, the site featured SHRM's logo in several places. The site still features a name and photo for the company's apparent founder, Stella Benson. In two places, she is claimed to be "Certified SHRM-SCP," the more advanced of SHRM's two certifications. SHRM has no record of anyone named Stella Benson being certified, and points out that the image is a stock photo. SHRM filed this suit against Zrowth for trademark infringement and unfair competition, seeking both damages and an injunction. SHRM's motion for default judgment now seeks only an injunction.

This Court has personal jurisdiction over Zrowth because its principal place of business is

in California. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Zrowth's website lists an address in Milpitas, California as "our office." A LinkedIn page for HR Growth Tools lists the same Milpitas address as the company's "primary" and only location, and Milpitas is listed as the company "headquarters." While Zrowth is a Wyoming LLC, its Wyoming address is the same as that of its registered agent, a law firm that provides "virtual offices" in Wyoming for many businesses. There is no other reason to think Zrowth's principal place of business is in Wyoming. In fact, its phone number has a California area code.

SHRM served Zrowth in Wyoming by registered mail. Dkt. No. 31. SHRM also hand-delivered service to Zrowth's address in Milpitas, California. Dkt. No. 30.

The default judgment considerations set out by *Eitel v. McCool* weigh strongly in SHRM's favor. 782 F.2d 1470 (9th Cir. 1986). SHRM would be prejudiced absent default judgment because Zrowth continues to use its trademark. SHRM has sufficiently pled an apparently meritorious claim under the Lanham Act, 15 U.S.C. § 1125(a)(1): Zrowth is using SHRM's trademark in commerce as a "false or misleading description of fact" that is "likely to cause confusion . . . as to the origin, sponsorship, or approval of [the] goods." Zrowth's website prominently touts a fake SHRM certification to suggest that its HR templates are of high quality and are approved of by SHRM in some sense. (The use of SHRM's stylized logo was also clearly trademark infringement, though Zrowth has removed the logo.) For the same reasons, SHRM has also pled an apparently meritorious claim for unfair competition under California law: "[M]embers of the public are likely to be deceived" by Zrowth's use of SHRM's trademark. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992); Cal. Bus. & Prof. Code § 17200.

Next, as SHRM is only seeking an injunction, there is not a large sum of money at stake. The likelihood of dispute over material facts is low. And default does not seem to be due to excusable neglect; Zrowth has failed to appear despite proper service and apparent actual knowledge of the suit, given the disappearance of SHRM's logos from its website after this suit was filed. The final factor, the strong federal policy in favor of decisions on the merits, is the

only one that leans toward denying default judgment—but no more than it would in any case where the defendant has failed to answer. Denying default judgment here would not cause this case to be decided on the merits.

Default judgment is granted in favor of the plaintiff. Zrowth is permanently enjoined from infringing SHRM's trademarks or engaging in unfair competition through the use of those trademarks. Within ten days of this order, Zrowth must remove SHRM's trademarks, including the claims that its founder is SHRM-certified and any other references that misleadingly suggest an affiliation with SHRM, from its marketing, advertising, and promotional materials (including the HR Growth Tools website and any Facebook or other social media pages operated by Zrowth). SHRM is ordered to serve this order on the defendant.

**IT IS SO ORDERED.**

Dated: October 5, 2022

_____
VINCE CHHABRIA
United States District Judge